By the Court.—Sedgwick, J.
The action was for goods sold and delivered to defendants. They were bought by clerks of defendant on account of the latter, and on credit. Part of them were delivered by plaintiff at the store of defendant, and the rest was seen by plaintiff, in the show case of defendant. The defendant gave evidence "to show that on all occasions, when the clerks were sent for the goods, they were directed to buy for ready money, and it was furnished to them. This testimony was given by the secretary of defendant, who also "said that he had sole charge of purchasing for the defendant. A motion was made to dismiss the complaint, on the ground, that by the uncontradicted evidence it appeared'that the clerks had no authority to buy on credit. The motion was denied, and exceptions taken. The decision of the court was sustained, if not by the general facts, at least by plaintiff’s testimony, that after a dispute had arisen as to the purchases on credit having been authorized by defendant, the secretary of the company, when tlie claim was presented by plaintiff, referred him to the president, and the latter, after examination, promised to pay the demand. The president had power to ratify the acts of the clerks as the company’s agents, if the promise made by him did not give plaintiff a cause of action. The promise was not only an admission as to past facts, but was an act done, a promise made within the scope of the officer’s agency. The questions of fact in the case were submitted to the jury in a proper manner.
The judgment should be affirmed, and also the order denying a motion for new trial, with costs.'
Speir, J., concurred.